UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRIS JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-01164 (UNA) |
| | ) |
| ALVIN COOKSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application, dismiss the case for failure to comply with the minimal pleading standards of Federal Rule 8(a).

Plaintiff, who resides in the District of Columbia, sues several individuals, all or some of whom may be located in Wappapello, Missouri. Preliminarily, the Local Rules of this Court state that "[t]hose filing *pro se in forma pauperis* must provide in the caption the name and full residence address or official address of each defendant," LCvR 5.1(c), which plaintiff has failed to do.

The complaint is not a model of clarity. It begins with incomplete sentences that devolve into a nebulous stream of consciousness. Plaintiff seemingly contends that defendants took illegal possession of his real property in Wappapello. He then goes on to allege that defendants have placed him under "audio and visual" "military surveillance" on his "head [and] mouth" and that they have "torch[ed]" his body by use of "equipment" causing him pain in his back and legs. The complaint does not cite to any legal authority and the relief sought is unstated.

*Pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). And "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls squarely into this category.

Consequently, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: May 9, 2023

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge